Kent, J.,
delivered the opinion of the court. The question submitted is, as to the true construction of the 11th section.of the act, 2 Rev. Laws, p. 393. The gates on that road, except the one upon the Scoharie bridge, are all required to be not less than ten miles from each other, and the 11th section gives the toll therein established for any number of miles not less than ten in length, of said road, and so in proportion for any greater or lesser distance. These last words can be satisfied, by applying them to the greater or lesser distance of the gates above ten miles. The gates i ray be twelve, or fifteen, or twenty miles apart, and then the toll is to be assessed ratably, according to the distance, which cannot, however, be less than ten miles. This construction is the only one that is reasonable, and it will sat *247 isfy the words. The idea that the company must vary the toll at every ten mile gate, on the suggestion that a person has used the road for a less distance than ten miles is inadmissible, because impracticable. The toll-gatherer has no means of knowing whether the traveller has rode ten miles, or a less distance, previous to his arrival at the gate. If this suggestion was allowed to be a ground of reduction of toll, it would open a door to the greatest imposition and fraud upon the company, and it cannot be considered as within the meaning and spirit of the act, especially as the words can be satisfied by the other construction, which is a natural, just, and practicable construction. Judgment of reversal, therefore, must be entered.(a)
Judgment reversed.

 Radcliff, J., being a stockholder, gave no opinion.